UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALOMAR TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MRSI SYSTEMS, LLC, <br><br> Defendant. | Case No.: 15-CV-1484 JLS (KSC) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE** <br><br> (ECF No. 39) |

Presently before the Court is Defendant MRSI Systems, LLC's Motion to Dismiss or Alternatively, to Transfer Venue, ("MTN," ECF No. 39). Also before the Court are Plaintiff Palomar Technologies, Inc.'s Response in Opposition, ("Opp'n," ECF No. 44), to the Motion and Defendant's Reply, ("Reply," ECF No. 47). The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 48.) Having considered the Parties' arguments and the law, the Court **GRANTS** Defendant's Motion to Dismiss or Alternatively, to Transfer Venue.

## LEGAL STANDARD

Title 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A party may move to dismiss an action for improper venue pursuant to Federal

Case 3:15-cv-01484-JLS-KSC   Document 53-1   Filed 02/05/18   PageID.609   Page 2 of 16

Rule of Civil Procedure 12(b)(3). In deciding a Rule 12(b)(3) motion, a court need not accept the pleadings as true and may consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). "Plaintiff bears the burden of showing that venue is proper." *Kaia Foods, Inc. v. Bellafiore*, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).

In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516–17 (2017) (reaffirming its previous decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957), and holding "that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute").

## ANALYSIS

Defendant argues that Plaintiff fails to establish that venue is proper in the Southern District of California (the "District"), because Defendant is not incorporated in this state and do not maintain a regular and established place of business in this District. (*See* MTN 3.)[1] Defendant also argues that its motion is timely, even though such a motion is waivable, due to a change in established law. (Reply 1–6.) The Court first addresses the threshold issue of whether Defendant has waived venue before considering the merits of its motion.

**I.     Whether Defendant Waived Its Venue Objection**

   *A. Federal Rule of Civil Procedure 12(h)(1) Waiver*

Improper venue is a defense that can be waived. *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979); *Commercial Cas. Ins. Co. v. Consol. Stone Co.*, 278 U.S. 177 (1929)). Federal Rule of Civil Procedure 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)–(5) by: (A) omitting it from a motion in the circumstances

---

[1] Pin citations refer to the page numbers electronically stamped on the EM/CMF filings.

15-CV-1484 JLS (KSC)

described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1). Rule 12(g)(2) states "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). A defense is unavailable if "its legal basis did not exist at the time of the answer or pre-answer motion." *Gilmore v. Palestinian Interim Self-Gov. Auth.*, 843 F.3d 958, 964–65 (D.C. Cir. 2016).

The Ninth Circuit also recognizes that "an exception to the waiver rule exists for intervening changes in the law." *See, e.g.*, *Big Horn Cnty. Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 953 (9th Cir. 2000). Thus, "[w]hen a decision from the Supreme Court has undercut the theory or reasoning underlying [a] prior circuit precedent in such a way that the cases are clearly irreconcilable . . . a three-judge panel of this court and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009) (internal quotation marks omitted).

The question here is whether the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, —U.S.—, 137 S. Ct. 1514 (2017), constituted an intervening change in the law such that Defendant's venue defense was not available at the time of its answer or pre-answer motion. The Federal Circuit squarely addressed this question in *In re Micron Technology, Inc.*, 875 F.3d 1091 (Fed. Cir. 2017). The court held that, as a matter of law, the defense was not available before the Supreme Court's opinion. *Id.* at 1098 ("The venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss or to transfer for lack of venue.").

The Court begins by noting that Defendant denied venue in its answer. (ECF No. 23, ¶ 7.) Defendant's venue affirmative defense was not available until May 22, 2017 when the Supreme Court decided *TC Heartland*. *See Micron*, 875 F.3d at 1096, 1101. The Court stayed proceedings in this litigation, to allow for inter partes review ("IPR"), from June 14, 2016, (ECF No. 36), until August 16, 2017, (ECF No. 41). Defendant offered its venue

defense less than three months after *TC Heartland*, which coincided with the completion of the IPR, (*see* ECF No. 40). Defendant did not file any motions from when the defense became available (May 22, 2017) and when it filed the present Motion to Dismiss (August 10, 2017). This factor weighs towards finding Defendant did not waive its venue defense. *See Boston Sci. Corp. & Boston Sci. SciMed, Inc. v. Cook Grp. Inc. & Cook Med. LLC*, No. CV 15-980-LPS-CJB, 2017 WL 3996110, at *9 (D. Del. Sept. 11, 2017) ("Prototypical examples of where the Court might [find waiver in spite of *TC Heartland* being an intervening change in the law] include where a defendant raises venue for the first time on the eve of trial, or many months (or years) after *TC Heartland* was handed down, or where dismissal or transfer would unduly prejudice a plaintiff.").

### B. Non-Rule Waiver

That is not the end of the inquiry, however. The *Micron* court also noted that there might be circumstances where a defendant may have waived a venue defense even when the defense was not "available" under Rules 12(h)(1) and 12(g)(2). *See id.* at 1100. The Supreme Court recently reiterated that the Federal Rules of Civil Procedure "are not all encompassing" and that there are "standard procedural devices trial courts around the country use every day in service of Rule 1's paramount command: the just, speedy, and inexpensive resolution of disputes." *Id.* (quoting *Dietz v. Bouldin, Inc.*, 136 S. Ct. 1885, 1891 (2016)). The Federal Circuit concluded, "apart from Rule 12(g)(2) and (h)(1)(A), district courts have authority to find forfeiture of a venue objection. This authority is properly exercised within the framework of *Dietz*, which requires respecting, and not "circumvent[ing]," relevant rights granted by statute or Rule. *Id.* at 1101 (alteration in original) (quoting *Dietz*, 136 S. Ct. at 1892). The court stated timeliness was a logical starting point to determine waiver of venue. Thus, a court may inquire "whether based on timeliness or consent or distinct grounds[] a defendant's tactical wait-and-see bypassing of an opportunity to declare a desire for a different forum, where the course of proceedings might well have been altered by such a declaration." *Id.* at 1102.

The *Micron* court declined to give a precedential answer as to "whether the

timeliness determination may take into account other factors other than sheer time from when the defense becomes available to when it is asserted, including factors such as how near is the trial." 875 F.3d at 1102. However, the court cited several cases where the Federal Circuit denied mandamus when district courts denied venue objections weeks or months before trial. *Id.* at 1102 n.4 (citing, e.g., *In re Nintendo of Am. Inc.*, No. 2017-127, 2017 WL 4581670 (Fed. Cir. July 26, 2017) (motion less than three months before trial); *In re Sea Ray Boats*, 695 Fed. App'x 543 (Fed. Cir. 2017) (motion two weeks before trial)). Thus, litigation that has proceeded to the eve of trial likely will not support a venue defense, even if the defense itself was filed close in time to *TC Heartland*.

Here, Plaintiff argues that Defendant waived venue by "asking this Court to find the '327 patent invalid for failing to meet the requirements of 35 U.S.C. § 101," (ECF No. 13-1), and moving for and obtaining a stay of these proceedings pending an IPR, (ECF No. 27). (Opp'n 8 (citing *Realtime Data LLC, v. Echostar Corp.*, No. 6:17-CV-84, 2017 WL 3599537, at *2 (E.D. Tex. Aug. 21, 2017); and *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *3 (S.D. Cal. July 5, 2017)).)

Defendant responds that there has not been substantive litigation in this matter. (Reply 10.) It also distinguishes Plaintiff's cited cases because both were further developed in the respective proceedings than the present litigation. *Realtime Data* involved combining two cases on the eve of trial. 2017 WL 3599537, at *2. *Infogation* involved a defendant who had filed a variety of actions including a motion for judgment on the pleadings and participated in claim construction. 2017 WL 2869717, at *3. By comparison, Defendant argues that it has not "actively pursued substantive litigation" to the same extent as *Realtime Data* and *Infogation* and therefore has not waived venue. (Reply 10–11 (quoting *Meras Eng'g, Inc. v. CH2O, Inc.*, No. C-11-0389, 2013 WL 146341, at *8 (N.D. Cal. Jan. 14, 2013)).)

The Court begins with the Federal Circuit's guidance in *Micron*, the most recent pronouncement on venue waiver. The *Micron* court cited several cases where the Federal Circuit denied mandamus petitions challenging venue, based on *TC Heartland*, and the

underlying cases were within weeks or months of trial. *See* 875 F.3d at 1102 n.4. Unlike those cases, this case is not within weeks or months of trial. Defendant has filed one motion to dismiss, (ECF No. 13), and one motion to stay the proceedings, (ECF No. 27). Discovery has not begun and claim construction has not occurred. This case is not on the eve of trial. *Cf. Realtime Data*, 2017 WL 3599537, at *2 (denying motion to transfer when "the parties made the conscious decision, on the eve of trial, to combine the[] two cases").

Further, Defendant has not filed any substantive motions that might support finding waiver. The *Infogation* court found it persuasive that a party that pursued "substantive motion[];" specifically, a motion for judgment on the pleadings. 2017 WL 2869717, at *3 (quoting *Meras Engineering Inc. v. CH20, Inc.*, No. C-11-389 EMC, 2013 WL 146341, at *8 (N.D. Cal. Jan. 14, 2013)). The district court in *Meras Engineering Inc.*, 2013 WL 146341, at *8, stated that "no waiver has been found where parties merely participated in pretrial motions, moved to dismiss after discovery has been completed, or where the opposing party was not prejudiced by dismissal." *Id.* (quoting *Ferraro Foods, Inc. v. M/V IZZET INCEKARA*, 01 CIV. 2682(RWS), 2001 WL 940562, at *4 (S.D.N.Y. Aug. 20, 2001)); *see also Sherman v. Moore*, 86 F.R.D. 471, 474 (S.D.N.Y. 1980) (finding defendant did not waive defense of improper venue by engaging in discovery after filing answer and before filing a motion to dismiss for improper venue). However, in *Reliable Tire Distributors v. Kelly Springfield Tire Co.*, 623 F. Supp. 153, 155 (E.D. Penn. 1985), the defendant filed a motion for summary judgment, nearly two years after filing its answer, and when the motion was denied filed a motion to dismiss for lack of venue. The court found the improper venue defense waived "in light of [the defendant's] dilatory behavior and the prejudice that would result to plaintiff." *Id.*

Here, Defendant filed a motion to dismiss (without any discovery) and a motion to stay—these are not the substantive motions at issue in *Meras Engineering*. 2013 WL 146341, at *8 (stating "no waiver has been found where parties merely participated in pretrial motions"). This case is not as advanced as cases like *Reliable Tire*, 623 F. Supp. at 155 (motion to dismiss for improper venue filed after motion for summary judgment).

Therefore, this factor weighs against finding waiver.

The Court notes that this case was filed July 6, 2015, (ECF No. 1), which might militate towards finding Defendant waived its defense because over two years have passed since the initial filing. Allowing Defendant to pursue a venue objection, transferring venue (or refilling in a new judicial district), and proceeding on the merits would further delay resolution of this case. However, the length of the proceedings is due, in part, to factors outside the control of the parties; for example, the IPR lasted over a year. In light of the Federal Circuit's citations to cases where different panels denied venue challenges within weeks or months of trial, the Court finds that Defendant has not engaged in the substantive litigation present in cases where the defense was waived.

Accordingly, the Court finds that Defendant did not waive its objection to venue. The Court turns now to the merits of Defendant's Motion.

## II.  Whether Venue Is Proper in this District

### A. *Legal Standard*

As discussed, venue is proper (1) in the judicial district where the defendant resides, or (2) where the defendant (i) has committed acts of infringement and (ii) has a regular and established place of business. *See* 28 U.S.C. § 1400(b). For purposes of section 1400(b), a domestic corporation resides only in its state of incorporation. *See TC Heartland*, 137 S. Ct. at 1516–17. Neither party disputes that Defendant is incorporated in Massachusetts, (s*ee, e.g.*, Compl. ¶ 3, ECF No. 1; Declaration of Michael Chalsen ("Chalsen Decl.") ¶¶ 1– 2, ECF No. 39-2), thus venue is not proper under the first prong of § 1400(b). Thus, the Court must determine whether Defendant has committed acts of infringement and has a regular and established place of business in this District.

The first element is easily met at this stage. Whether any act of infringement has occurred is reserved for trial; allegations of infringement are sufficient for a venue determination. *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985). Plaintiff alleges Defendant committed, or made meaningful preparations to commit, acts of infringement in the Southern District. (ECF No. 1, ¶ 7.)

Section 1400(b) does not define what constitutes "a regular and established place of business." The Federal Circuit recently clarified the analysis to determine what constitutes a regular and established place of business. *See In re Cray, Inc.*, 871 F.3d 1355 (Fed. Cir. 2017). There are three general requirements to determine a regular and established place of business: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *Id.* at 1360. The first element requires a "physical, geographical location in the district from which business is carried out." *Id.* at 1362. The second element requires a business to be both regular and established. Regular means a business that operates in a "steady[,] uniform[,] orderly[, and] methodical manner." *Id.* (alterations in original) (quoting William Dwight Whitney, *The Century Dictionary* 5050 (Benjamin E. Smith, ed. 1911)). Furthermore, an "established" business means one that is fixed and not transient—"while a business can certainly move its location, it must for a meaningful time period be stable, established." *Id.* at 1363.

The third element requires that the place of business must be the defendant's and not solely the place of the defendant's employee. *Id.* "[T]he defendant must establish or ratify the place of business." *Id.* "Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* Additionally, a court may consider if the employer "conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place." *Id.* Other considerations include whether the defendant represents to the public that the location is a place of business by listing the alleged place on a website, phone book or other directory, or places a sign on the building itself. *Id.*

### B. Application of In re Cray Standard

With the forgoing analysis in mind, the Court applies *Cray* to the present case. Defendant argues that venue is not proper in this District because Defendant does not maintain any physical presence in California, does not own any property, facilities, or

equipment in California, does not have any employees in California, and has never registered to do business in California. (MTN 3 (citing Chalsen Decl. ¶¶ 3–6).)

Plaintiff argues Defendant may have had a regular and established place of business by virtue of its former status as entity within a separate corporation, the Newport Corporation. (Opp'n 10.) Newport is not a party to this action. The Newport Corporation owned the assets of MRSI until January 2014, when MRSI acquired its assets from Newport. (Reply 12.) Plaintiff concedes that the Newport Corporation is located in the Central District of California. (Opp'n 10.) However, Plaintiff requests limited discovery for the purposes of determining if there were any Newport or MRSI employees in the Southern District when the alleged acts of infringement took place. (*Id.* ("Palomar need only make a 'colorable showing' that venue might exist in order to obtain jurisdictional discovery." (quoting *j2 Global Commc'ns, Inc. v. Vitelity Commc'ns, LLC*, No. CV 11-70904, 2012 WL 1229851, at *3 (C.D. Cal. Apr. 12, 2012))).)

In reply, Defendant argues that Plaintiff cannot impute to Defendant the residence of Newport Corporation prior to the commencement of the action. (Reply 11 (citing *Cannon v. Austal USA, LLC*, 2016 A.M.C. 1666, 1678 (S.D. Cal. 2016)).) This is because "a corporation which purchases the principal assets of another does not assume the liability of the selling corporation." (*Id.* (quoting *Alves v. Players Edge, Inc.*, No. 05CV1654 WQH (CAB), 2007 WL 6004919, at *6 (S.D. Cal. Aug. 8, 2007)).) Thus, MRSI purchased its assets from Newport in January 2014 and did not assume liability from Newport for any patent infringement. (*Id.* at 12 (citing Chalsen Decl. ¶ 2).)

The Court generally agrees with Defendant. As *Cray* explains, the regular and established place of business means a physical place, that is regular and established, and it must be a place of the defendant. 871 F.3d at 1360. Defendant's CEO declared that MRSI has no employees and no physical place of business in the Southern District. (MTN 3.) Plaintiff has the burden to demonstrate venue is proper in the Southern District. *See Kaia Foods Grp. Brands*, 70 F. Supp. 3d at 1187. Plaintiff does not contest the statement by Defendant's CEO that MRSI does not have a regular and established place of business in

the Southern District, nor has Plaintiff illustrated any regular and established place of business belonging to MRSI. Therefore, the Court finds that MRSI does not have a regular established place of business in the Southern District, as required under 28 U.S.C. § 1400(b). The Court turns to whether it should grant venue-related discovery to resolve Plaintiff's venue argument.

### C. Whether the Court Should Allow Venue-Related Discovery

Plaintiff's venue theory requires the following facts to be true: (1) Newport had a regular and established place of business in the Southern District before January 2014; (2) Newport's residence imputes to Defendant; and (3) the Court assesses venue as of January 2014 rather than when the case was filed. Thus, Plaintiff requests limited discovery to test its theory. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Following the Federal Circuit's *Micron* opinion, courts have allowed limited discovery for purposes of testing venue. *See, e.g.*, *Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, No. 16–224–LPS, 2017 WL 5953296, at *2–3 (D. Del. Dec. 1, 2017).

However, even if the Court was to allow venue-related discovery and assuming Plaintiff were able to demonstrate that Newport had regular and established places of business in the District, Plaintiff's venue argument still fails for two reasons. First, the Court finds no reason to ignore the formal corporate separateness of MRSI and Newport when assessing venue. Second, Plaintiff's theory requires the Court to assess venue in January 2014; however, assessing venue at that time is not supported by the law. The Court addresses each argument in turn and concludes by considering whether to exercise its discretion.

#### 1. Formal Separation of Corporate Entities

Generally, "when separate, but closely related, corporations are involved . . . the rule is similar to that applied for purposes of service of process. So long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other." *Symbology Innovations, LLC v. Lego*

*Sys., Inc.*, —F. Supp. 3d—, No. 17-cv-86, 2017 WL 4324841, at *10 (E.D. Va. Sept. 28, 2017) (quoting Charles A. Wright et al., *Federal Practice and Procedure*, § 3823 (4th ed. 2017)).  Thus, in *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334 (1925), the Supreme Court considered whether a corporation was "doing business" in North Carolina because of a subsidiary's presence there.  The Supreme Court held that despite the fact that the parent corporation controlled the subsidiary's operations and the companies shared a unitary business purpose, the subsidiary's presence in the forum could not be imputed to the parent company as long as they maintained formal corporate separateness.  *Id.* at 335.

Other district courts have applied this reasoning to patent venue questions.  For example, in *Symbology Innovations, LLC v. Lego Systems, Inc.*, the court found that three stores that sold the defendant's product and were owned by a separate corporate subsidiary from the parent defendant were not the same entity.  2017 WL 4324841, at *11; *see also Galderma Labs., L.P. v. Teva Pharms. USA, Inc.*, No. 17-cv-1076-M, 2017 WL 6505793, at *8 (N.D. Tex. Nov. 17, 2017) (declining to ignore corporate formalities of defendant and related corporate entity).

Finally, in *Shapiro v. Ford Motor Co.*, 359 F. Supp. 350, 352, 355 (D. Md. 1973), the district court examined whether venue was proper in Maryland for the Ford Motor Company based on five of Ford's wholly owned subsidiaries that had regular and established places of business in Maryland.  The court held that

> even where there is a unitary business purpose to manufacture and sell to ultimate consumers, if the operations of the two or more functional components of that unitary business purpose are themselves vested in formally separate entities, then venue over one under § 1400(b) cannot be gained by treating the regular and established place of business of the other as the office of the former.

*Id.* at 357 (citing *Manville Boiler Co. v. Columbia Boiler Co.*, 269 F.2d 600 (4th Cir. 1959)).

Here, Defendant and the Newport Corporation were separate corporate entities.  (*See*

Chalsen Decl., Ex. A (Asset Purchase Agreement)).) In its Opposition, Plaintiff presented no facts that would allow the Court to ignore the formal corporate distinction between these two entities. This factor weighs against allowing discovery.[2]

### 2. *When Venue is Assessed for Patent Infringement*

Plaintiff's venue theory also requires that venue be assessed when the defendant committed acts of infringement. (Opp'n 9–10 (citing *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 787–88 (E.D. Tex. 2017) ("[U]nder the patent venue statute, venue is properly lodged in the district if the defendant had a regular and established place of business at the time the cause of action accrued and suit is filed within a reasonable time thereafter." (citations omitted)).) As previously discussed, Plaintiff's theory requires Newport to have a regular and established place of business in the Southern District when the allegedly infringing acts took place and that residence imputes to Defendant. Defendant acquired its assets from Newport in January 2014—if venue is assessed after January 2014 then Plaintiff's venue theory must fail because the Court previously found Defendant has no regular and established place of business in the Southern District, *see*

---

[2] Defendant argues that it did not assume any patent liability from Newport when it purchased its assets from Newport in January 2014. (Reply 12 (citing Chalsen Decl. ¶ 2).) Under California law,

> a corporation which purchases the principal assets of another does not assume the liability of the selling corporation unless (1) there is an express or implied agreement of assumption of liability, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability. *Ray v. Alad Corp.*, 560 P.2d 3, 7 (1977). In *Ray v. Alad Corp.*, the California Supreme Court created, in effect, a fifth exception to the general rule which imposes liability under certain circumstances for the manufacture of defective products.

*Schwartz v. Pillsbury, Inc.*, 969 F.2d 840, 845 (9th Cir. 1992) (quoting *Gee v. Tenneco, Inc.*, 615 F.2d 857, 863 (9th Cir. 1980)). The Court finds this argument persuasive. For example, Defendant's asset purchase agreement with Newport expressly defined its assumption of liability. Defendant specifically assumed liabilities in Section 3.3 and Schedule 3.3 of the Agreement; these do not include liability for patent infringement. (*See* Chalsen Decl., Ex. A. at 10–11.) However, the Court finds that it need not rely on successor liability; the Court's corporate separateness analysis directly addresses whether venue is proper for a subsidiary entity based on the regular and established places of business of its parent entity. *See supra* section II.C.1.

12
15-CV-1484 JLS (KSC)

*supra* section II.B.  Put differently, after January 2014 Defendant was no longer a subsidiary of Newport and any regular and established place of business belonging to Newport would no longer affect Defendant's venue.

The patent venue statute does not explicitly define when venue is to be assessed.  *See* 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.").  Neither *TC Heartland* or *In re Cray* has answered the question of when venue should be assessed.  There are two lines of cases that answer this question differently.  First, the district court in *Personal Audio, LLC v. Google, Inc.*, —F. Supp. 3d—, No. 15-CV-350, 2017 WL 5988868, at *6–7 (E.D. Tex. Dec. 1, 2017), interpreted the patent venue statute to hold that "venue under § 1400(b) should be analyzed based on the facts and circumstance[s] that exist on the date suit is filed."  *Id.* at *6 (citing *Cray*, 871 F.3d at 1362 ("stress[ing] that the [venue] analysis must be closely tied to the language of the statute.")).  As the court explained:

> "Bringing" a civil action refers to the act of filing a complaint. The term "resides" is in the present tense. The phrase "the defendant has committed acts" applies to past acts. But the phrase "where the defendant has a regular and established place of business" is in the present tense. Congress could have used "has had a regular and established place of business" but chose not to do so. Likewise, Congress did not tie venue to any jurisdiction in which a cause of action had accrued.

*Id.*

The second line of cases holds that venue under § 1400(b) is proper as long as the defendant had a regular and established place of business at the time the cause of action accrued (the alleged infringement occurred) and suit was filed a reasonable time thereafter. *Welch Scientific Co. v. Human Engineering Institute, Inc.*, 416 F.2d 32, 35 (7th Cir. 1969). In *Welch Scientific*, the defendant had a regular and established place of business until

thirty-seven days prior to the suit.[3] *See id.* The court found thirty-seven days to fall within "a reasonable time" after the action accrued.

Even if this Court were to adopt the holding in *Welch Scientific*, Plaintiff's theory would fail. This is because *Welch Scientific* held venue under § 1400(b) is proper as long as the defendant had a regular and established place of business at the time the cause of action accrued (the alleged infringement occurred) and suit was filed a <u>reasonable time thereafter</u>. The Court examines the reasonable time standard by assuming the following facts: (1) Newport was the parent corporation of Defendant, (2) Newport and Defendant arranged themselves in a corporate structure that ignores corporate formalities of two companies, *see supra* section II.C.1, (3) Newport committed acts of infringement, and (4) Newport sold Defendant's assets in January 2014. With those assumptions in mind, Plaintiff did not file until July 6, 2015, (*see* ECF No. 1), nearly a year and a half after the cause of action accrued against Defendant, based on the Newport Corporation's supposed regular and established place of business in the Southern District. *Cf. Welch Scientific*, 416 F.2d at 36 ("We think that 37 days later, when plaintiff filed suit, venue could still be lodged in the district under section 1400(b)."). The Court finds that a year and a half is not a reasonable time after the action accrued and this factor weighs against granting discovery.

*3. Whether to Grant Discovery Is Within the Court's Discretion*

Whether to grant discovery on venue is within a court's discretion. *Kaia Foods*, 70 F. Supp. 3d at 1187; *see also OptoLum, Inc v. Cree, Inc.*, No. CV-16-3823-PHX-DLR, 2017 WL 3130642, at *6 (D. Ariz. July 24, 2017) (same).

Plaintiff puts forward no reason why its discovery request will cure the legal flaws in its argument. As Plaintiff states, the "Newport Corporation was located in the Central District of California at the time [of alleged infringement], but may have had

---

[3] *Personal Audio* distinguishes *Welch Scientific* because the district court determined the Seventh Circuit used "some equitable leeway" in interpreting section 1400(b) rather than strict statutory interpretation. 2017 WL 5988868, at *7. However, the Court need not determine which interpretation prevails because, as discussed in this section, Plaintiff's theory does not fit either line of cases.

representatives or personnel in the Southern District of California." (Opp'n 10.) Yet, none of Plaintiff's proffered exhibits, (*see* Brandt Decl., Exs. 1–7), suggest that Newport is located anywhere in California other than the Central District. (*See, e.g.*, *id.*, Ex. 4, at 20 (Newport Corporation's SEC Form 10-k).) Having considered the length of the litigation to date, the Court finds that allowing limited discovery and an additional round of briefing would be contrary to the just, speedy, and inexpensive determination of the merits of the action. *See* Fed. R. Civ. P. 1; *OptoLum*, 2017 WL 3130642, at *6. Taken together with the Court's conclusions above, *see supra* sections II.C.1–2, the Court declines to exercise its discretion to allow discovery.

### III.   Whether This Case Should Be Dismissed or Transferred

Venue in the Southern District is improper because Plaintiff cannot meet either element of 28 U.S.C. § 1400(b). 28 U.S.C. § 1406(a) provides that if a case is in the wrong district court because of improper venue then the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A district court has discretion whether to transfer or dismiss a case. *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 805 (9th Cir. 1991). Generally, transfer should be the usual choice instead of dismissal. *United States v. Miller-Stauch Const. Co.*, 904 F. Supp. 1209, 1214 (D. Kan. 1995) (citing 15 Charles A. Wright et al., *Federal Practice and Procedure* § 3827, at 274 (1986)); *see also CAT Aircraft Leasing, Inc. v. Cessna Aircraft Co.*, 650 F. Supp. 57, 60 (D.V.I. 1986).

Defendant requests transfer to the District Court for the District of Massachusetts because Defendant is incorporated in Massachusetts, its principal place of business is in Massachusetts, and thus venue would be proper there under 28 U.S.C. § 1400(b) and *TC Heartland*. (*See generally* MTN.) Plaintiff takes no position on dismissal or transfer, other than generally opposing both. Therefore, the Court follows the rule that transfer is the preferred recourse rather than dismissal.

/ / /

/ / /

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss or Alternatively Transfer Venue, (ECF No. 39), and **TRANSFERS** the case to the District Court for the District of Massachusetts, Boston Division.

**IT IS SO ORDERED.**

Dated: February 5, 2018

Hon. Janis L. Sammartino
United States District Judge